UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHER NAY THA, A-094-713-627,

Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY,

Respondent.

No. 1:26-cv-08172-DC-CKD P

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and proceeds pro se seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636. Respondent filed an answer to the petition. (ECF No. 5.) For the reasons set forth below, the undersigned recommends the petition be denied without prejudice.

## I. Background

Petitioner is a native and citizen of Burma who adjusted to Lawful Permanent Resident Status in 2009. (ECF No. 8-2 at 1.) On July 16, 2026, immigration officials encountered him during jail checks at the Salt Lake County Adult Detention Complex. (ECF No. 8-1 at 2.)

On September 3, 2025, petitioner pleaded guilty to a controlled substance offense in violation of Utah Code 58-37-8(2)(B)(II). (ECF No. 8-3 at 2 & 13.) Petitioner's guilty plea reflected that the offense involved possession of cocaine or methamphetamine on three separate

occasions. (Id. at 3.) Petitioner was sentenced to serve a term of 180 days. (Id. at 20.)

On September 19, 2026, petitioner was served with a Notice to Appear charging him as removable under Section 237(a)(2)(B)(i) of the Immigration and Nationality Act (INA), in that after admission he was convicted of a violation of a controlled substance offense other than a single offense involving possession of 30 grams or less of marijuana. (ECF No. 8-2 at 4.) Petitioner has been in immigration detention since September 19, 2026. (ECF No. 1 at 6.) In the pending petition, he alleges he has been deprived of a timely and meaningful post order custody review and that his detention violates his Fifth Amendment due process rights. (Id. at 6-7.) He seeks release. (Id. at 7.)

**II. Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**III. Discussion**

The court agrees with respondents that the proper detention authority in this case is 8 U.S.C. § 1226(c). Section 1226 generally applies "pending a decision on whether the [noncitizen] is to be removed from the United States," i.e., while removal proceedings are ongoing. Section 1226(c)(1)(B) mandates the detention of "any [noncitizen] who ... is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C.A. § 1226(c)(1)(B). 8 U.S.C. § 1227(a)(2)(B)(i) applies to "[a]ny [noncitizen] who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana[.]" 8 U.S.C. § 1227(a)(2)(B)(i).

Given that petitioner's conviction involved cocaine and methamphetamine, which are

included in the Controlled Substances Act, 21 U.S.C. § 802, the conviction qualifies as a violation of law relating to a controlled substance under 8 U.S.C. § 1227(a)(2)(B)(i) and is not subject to the exception for possession of less than 30 grams of marijuana. As such, petitioner is subject to 8 U.S.C. § 1226(c)(1)(B).

In light of the application of § 1226(c), petitioner is not entitled to immediate release or a bond hearing. Petitioner "cites no authority, nor is the Court aware of any, which would require ICE to provide [a noncitizen] with notice and a hearing prior to detaining him pursuant to § 1226(c)." Medina Soto v. Robbins, No. 1:25-cv-01954-KES-SKO (HC), 2026 WL 657702, at *3 (E.D. Cal. Mar. 9, 2026). Petitioner's detention during deportation proceedings is a constitutionally valid aspect of the process. Demore v. Kim, 538 U.S. 510, 523 (2003). The government has significant interests in detaining noncitizens pending removal. See generally Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022).

The Supreme Court has upheld the mandatory detention provision in 8 U.S.C. § 1226(c) as facially non-violative of the due process clause with the understanding that § 1226(c) detention is relatively "brief" and "limited," and "lasts roughly a month and a half in the vast majority of cases" and "about five months in the minority of cases in which the [noncitizen] chooses to appeal." Demore, 538 U.S. at 513, 529 n.12, 530. Petitioner's detention, at approximately two months so far, is well within the timeframe contemplated in Demore, and does not violate due process. Accordingly, the undersigned recommends the petition be denied without prejudice.

Petitioner also asks this court to appoint counsel in his habeas action. (ECF No. 3.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." In light of the above, the court finds petitioner's detention is warranted under § 1226(c) and recommends relief be denied. Thus, the interests of justice do not weigh in favor of appointment of counsel at this time.

**IV. Order and Recommendation**

Accordingly, IT IS ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is DENIED.

////

In addition, IT IS RECOMMENDED as follows:

1. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied without prejudice.
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 23, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 tha8172.mer